**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

NANCY PAIGE SMITH,
Plaintiff-Appellant,

and

REGINALD SAVAGE,
Plaintiff,

v.

BOARD OF TRUSTEES, St. Mary's
College of Maryland,
Defendant-Appellee,

No. 97-1234

and

MICHAEL BERGER, Division of Head
of Human Development, St. Mary's
College of Maryland; MELVIN ENDY,
Provost; EDWARD LEWIS, President;
ALLAN PASKOW,
Defendants,

JOHN UNDERWOOD; KENNETH HOLMES,
Movants.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CA-92-3646-DKC)

Argued: May 7, 1998

Decided: July 21, 1998

Before MICHAEL and MOTZ, Circuit Judges, and
TRAXLER, United States District Judge for the
District of South Carolina, sitting by designation.

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Gary Thomas Brown, GARY T. BROWN & ASSO-
CIATES, Washington, D.C., for Appellant. Dawna Marie Cobb,
Assistant Attorney General, Baltimore, Maryland, for Appellee. **ON
BRIEF:** Janice A. Simons, GARY T. BROWN & ASSOCIATES,
Washington, D.C., for Appellant. J. Joseph Curran, Jr., Attorney Gen-
eral of Maryland, Susan A. Griisser, Assistant Attorney General, Bal-
timore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This case arises out of a dispute between the defendant St. Mary's
College of Maryland (St. Mary's) and the plaintiff Dr. Nancy Smith,
a professor at St. Mary's, over the dismissal of Smith's husband and
colleague, Dr. Reginald Savage. Savage was terminated by St. Mary's
on November 6, 1992, for taking unauthorized leave from his teach-
ing post. Smith felt that Savage's dismissal was a result of racial dis-
crimination (Savage is African American) and made her feelings
known to other faculty members. When Savage appealed his dis-
missal internally to the College Evaluation Committee on Novem-
ber 13, 1992, Smith, who is white, characterized St. Mary's decision
to fire her husband as racist and denounced various college officials
in inflammatory terms as racists, liars, and criminals. After the Evalu-
ation Committee rejected Savage's administrative appeal, both Sav-
age and Smith filed this action in Maryland district court on
December 24, 1992, alleging (along with other claims) that Savage

2

was fired because of his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.[1]

In the months after the original complaint was filed in December 1992, Smith accused certain of her colleagues of racial prejudice. On February 9, 1993, the college newspaper published a letter from Smith in which she accused one of her colleagues of making a racist remark. In the letter Smith suggested that St. Mary's officials were conspiring to provoke Savage into physically attacking college personnel so he could be arrested. Thereafter, Smith filed grievances, alleging harassment and retaliation, against certain college personnel.

In early January 1993, about a week after Savage and Smith filed their complaint in this action, Smith applied for promotion to the rank of full professor. The process for promotion at St. Mary's includes several levels of review, with the final decision being made by the Board of Trustees. Smith's division head gave her a positive evaluation, but the Division Evaluation Committee gave her a negative recommendation in the fall of 1994. Smith then withdrew her application for promotion before the Board of Trustees could consider it.

In 1994 pay also became an issue for Smith. St. Mary's awards three levels of merit pay increases to its faculty,"merit," "high merit," and "outstanding merit" (in ascending order). The award of merit pay is based on the provost's evaluation of each faculty member's achievements in the areas of teaching, scholarship, and service. Smith's 1994 evaluation indicated concerns about the quality of her scholarship and made a special note of the fact that her papers needed to lead to published articles. The evaluation also alleged that Smith's frequent and unfounded allegations of racism were having a negative effect on the intellectual life of the college. As a result of this evaluation, Smith received only a "merit" raise instead of the "high merit" raise recommended by her division head.

Some of these events postdating the original complaint prompted Smith to amend her complaint to include additional allegations. Among these were allegations under Title VII that St. Mary's denied

_____

[1] Savage's case ended in a mistrial, and he is not a party to this appeal.

Smith's promotion and "high merit" raise because she was married to an African American and because she had engaged in protected activity under the Act, such as protesting alleged racial incidents and filing suit against the college. The case went to trial in January 1996. The jury found that St. Mary's violated Title VII in denying Smith a promotion and a sufficient ("high merit") pay increase. Smith was awarded $1,300 in damages.

On January 23, 1997, the district court set aside the jury's verdict and entered judgment for St. Mary's on all counts. The court first noted that because Smith had withdrawn her application for promotion prior to the time the Board of Trustees had the opportunity to consider it, she had not pursued the promotion process to completion. Because Title VII protects against discrimination only in final employment decisions, not intermediate steps, the court concluded that Smith did not state a claim under Title VII because she had withdrawn her application in the middle of the process. See Savage v. Board of Trustees of St. Mary's College, Civ. Action No. DKC 92-3646, slip op. at 6 (D. Md. Jan. 23, 1997). The court also determined that there was insufficient evidence to support the claim that Smith was denied a "high merit" salary increase because of racial discrimination. See id., slip op. at 10-14. Finally, the court concluded that St. Mary's decision to deny the higher salary increase was not retaliation because Smith's excessive and unsubstantiated public accusations of racism overstepped the bounds of protected activity under Title VII. See id., slip op. at 15-17. We are persuaded by the district court's analysis on all of these issues. We therefore affirm on the reasoning of the district court.[2]

AFFIRMED
_____
[2] Smith also appeals a variety of evidentiary rulings made by the district court before and during trial. On these matters, we have considered Smith's arguments and find them to be without merit.

4